**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**ADRIAN THOMPSON,**<br><br>***Defendant.*** | Crim. No. 25-cr-31 (BAH) |

**UNITED STATES MOTION TO DISMISS INDICTMENT WITHOUT PREJUDICE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the Indictment against Adrian Thompson without prejudice.

Pursuant to Rule 48(a), the government may dismiss an indictment, information, or complaint with leave of the Court. Fed. R. Crim. P. 48(a); see also *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss charges over the defendant's objection. *Id.* (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977)).

As a general matter, Rule 48(a) allows the court to reject the government's motion to dismiss without prejudice only in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal." *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that

course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." (citations and quotation marks omitted)).

As the Court and parties are aware, the government has determined that it can no longer sponsor the officer who collected the buccal swabs in this case. Given the DNA evidence is essential for the government to prove its case, the government is not currently in a position to proceed to trial as scheduled. Accordingly, the government respectfully moves to dismiss the Indictment charging the defendant. This dismissal should be without prejudice given the government's motion is made in good faith, is not intended to harass the defendant, and is consistent with the public interest.

Counsel for Defendant Thompson informed the government that he ***opposes*** the relief requested in this motion, for dismissal without prejudice.

Notably, at defense counsel's request, the United States offered a favorable non-trial disposition to the defendant in an attempt to resolve this matter. The government's plea offer was rejected by the defendant prior to the filing of this motion.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/ *Emory V. Cole*__________
Emory V. Cole
Assistant United States Attorney
PA. Bar No. 49136
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20579
(202) 252-7692
Emory.Cole@usdoj.gov